

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

In re:

HAWAII ISLAND AIR, INC.

Debtor.

Case No. 17-1078
Chapter 7

Related: ECF 1099

## ORDER REGARDING
## CONFIDENTIAL DESIGNATION OF CERTAIN DOCUMENTS

On May 20, 2022, the Ohana-Affiliated Entities[1] filed a motion (ECF

1099) to preserve certain material as "confidential" or "highly confidential"

under this court's protective order (ECF 897). I have held a hearing and

---

[1] The Ohana Affiliated Entities are Ohana Airline Holdings, LLC, Lawrence Investments, LLC, Lawrence Ellison and Paul Marinelli, as Trustees of the Lawrence J. Ellison Revocable Trust dated January 22, 1988, Carbonview Limited, LLC, Paul Marinelli, and Lawrence J. Ellison.

reviewed the disputed materials in camera.

Earlier in the case, the Ohana-Affiliated Entities filed a similar motion concerning a different set of documents (ECF 910). My decision on that motion (ECF 977) states the procedural background and applicable law; I will not repeat those points here.

**Procedure.** The Ohana-Affiliated Entities argue that the district court, rather than this court, should decide the confidentiality of the challenged documents. They correctly point out that the Trustee has indicated that she is challenging the confidential designations only so that she can use the documents at trial. As my protective order states, "the terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial." (ECF 897 at ¶ 14) In general, I agree that this decision is not binding on the district court and may have little or no significance. But I think that that I should nevertheless resolve disputes arising under an order that I entered even though my decision will not bind the district court or the parties at trial.

The Ohana-Affiliated Entities request an order preserving the

U.S. Bankruptcy Court - Hawaii   #17-01078   Dkt # 1170   Filed  09/12/22   Page 2 of 5

confidentiality designations for 81 documents. In the meantime, the Trustee

has withdrawn her challenge to the confidentiality of six of those

documents.[2] I have conducted an in camera review of the remaining

documents.

**Personal and Financial Details.** The Ohana-Affiliated Entities point

out that some of the documents contain email addresses, non-public

telephone numbers, and financial account numbers. As I held in my prior

decision, this type of information is appropriately designated as

confidential under the protective order but inclusion of such information

does not make the entire document confidential. Therefore, as I held

previously, all non-business telephone numbers, all cell phone numbers,

and all domain names must be redacted before any documents are filed in

court. For similar reasons, all financial account numbers must be redacted.

**Confidentiality Agreements.** The Ohana-Affiliated Entities

designated as confidential documents that are covered by nondisclosure

---

[2] LAW_INV0035921, LAW_ INV0003392, LAW _INV0002627, LAW_INV0008821, LAW_INV0031174, and LAW_INV0035921.

U.S. Bankruptcy Court - Hawaii   #17-01078   Dkt # 1170   Filed  09/12/22   Page 3 of 5

agreements. This initial designation was appropriate because the protective

order permits a party to designate as confidential documents that are

"subject to a confidentiality or non-disclosure agreement" (ECF 897, ¶ 1).

But a party's designation is not conclusive; the protective order goes

on to provide that "[a] person who claims that material is Privileged,

Confidential Information, or Highly Confidential Information shall always

carry the burden of establishing that the material should be protected from

public disclosure," (ECF 897 at ¶ 19) and a party seeking to file papers

under seal "bears the burden of overcoming the presumption in favor of

public access to papers filed in court" (ECF 897 at ¶ 10).

In other words, private parties cannot immunize information from

disclosure in lawsuits. *Apalachicola Riverkeeper v. Taylor Energy Co.*, 309

F.R.D. 381, 387 (E.D. La. 2015) (holding that "the sole existence of a third

party's agreement cannot independently render a document confidential

unless it comports with Rule 26(c)").

The party seeking protection has the burden of proving that the

materials are "confidential research, development, or commercial

U.S. Bankruptcy Court - Hawaii   #17-01078   Dkt # 1170   Filed  09/12/22   Page 4 of 5

information." *In re FiberMark, Inc.*, 330 B.R. 480, 496-97 (Bankr. D. Vt. 2005).

Regarding commercial information, the movant must establish that

disclosure would "afford[] an unfair advantage to competitors by

providing them information as to the commercial operations of the

debtor." *In re Muma Servs. Inc.*, 279 B.R. 478, 485 (Bankr. D. Del. 2002)

(quoting *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982).

The Ohana-Affiliated Entities offer no evidence – apart from the

confidentiality and nondisclosure provisions of the agreements – that

disclosure of the materials would reveal "a trade secret or other

confidential research, development, or commercial information" under rule

26(c)(1)(G). As I described in my previous holding, the financial

information and discussions surrounding a now defunct airline operation

and certain transactions that are over five years old do not meet this

standard. Out of an abundance of caution, however, I will protect the

interests of third parties that are not parties to the litigation by requiring

redaction of those parties' names.

**END OF ORDER**